JUDGE NATHAN

13 CV 9193

RECEIVED DEC 30 2013 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WYLENE KIRK,

    Plaintiff,

v.

ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.,

    Defendant.

Case No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

WYLENE KIRK ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Defendant conducts business and maintains its headquarters in the State of New York, therefore personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Flora, Mississippi.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company, which maintains its headquarters at 335 Madison Ave., 27th Floor, New York NY 10017.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff related to a medical debt with River Oaks Hospital.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

13. Between October 2013 and November 2013, Defendant's collectors placed repeated, harassing telephone calls to Plaintiff's cellular telephone number, from numbers including, but not limited to 800-966-0755. The undersigned has confirmed this number belongs to Defendant.

PLAINTIFF'S COMPLAINT

14. During this time, Defendant called Plaintiff at least once daily.

15. Plaintiff has told Defendant to stop calling, but Defendant has ignored these requests and continued to call.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

18. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

19. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to ring with intent to annoy, abuse, or harass as a violation.

20. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it repeatedly and continuously placed telephone calls to Plaintiff with the intent to annoy, harass or abuse Plaintiff in connection with the collection a debt, when it continued to call after Plaintiff requested calls stop, and when it engaged in other harassing conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

22. Defendant violated § 1692f of the FDCPA when it placed repeated telephone calls to Plaintiff seeking to collect a debt, when it continued to call after Plaintiff requested calls stop, and when it engaged in other unfair and unconscionable practices.

WHEREFORE, Plaintiff, WYLENE KIRK, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WYLENE KIRK demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1  DATED: 12/18/13

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

5

PLAINTIFF'S COMPLAINT